1  **Bryan Cave Leighton Paisner LLP**
   Daniel T. Rockey (SBN 178604)
2  daniel.rockey@bclplaw.com
   Adam A. Vukovic (SBN 301392)
3  adam.vukovic@bclplaw.com
   Three Embarcadero Center, 7th Floor
4  San Francisco, California  94111-4070
   Telephone:  +1 415 675 3400
5  Facsimile:   +1 415 675 3434

6  Attorneys for Defendant
   GREENFIELD WORLD TRADE, INC.
7

8  IN THE UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  OMID NASERI ,<br>12           Plaintiff,<br>13       v.<br>14  GREENFIELD WORLD TRADE, INC.,<br>15           Defendant. | Orange County Superior Court Case No. 30-2021-01196179-CU-BT-CXC<br><br>Case No. 8:21-cv-01084<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT GREENFIELD WORLD TRADE, INC.**<br><br>**[CLASS ACTION FAIRNESS ACT JURISDICTION]**<br><br>**28 U.S.C. §§ 1332 & 1453** |

21  **TO THE HONORABLE JUDGES OF THE UNITED STATES
22  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
23  AND TO PLAINTIFF OMAR NASERI AND HIS ATTORNEYS OF
24  RECORD:**

25       **PLEASE TAKE NOTICE** that Defendant Greenfield World Trade, Inc.
26  ("GWT") hereby removes the above-entitled action from the Superior Court of the
27  State of California for the County of Orange to the United States District Court for
28  the Central District of California under the Class Action Fairness Act ("CAFA"),

pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, on the grounds that:

(a) Plaintiff Omid Naseri ("Plaintiff") is a "citizen of a State different from" GWT; (b) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (c) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.

## PROCEDURAL BACKGROUND

1. On April 16, 2021, Plaintiff commenced a class-action lawsuit against GWT in the Superior Court of the State of California for the County of Orange, entitled "*Omid Naseri, individually, and, on behalf of others similarly situated, Plaintiff v. Greenfield World Trade, Inc. d/b/a The Legacy Companies, Defendant,*" Case No. 30-2021-011966179 (the "Complaint").

2. On May 14, 2021, Plaintiff caused the Summons, Complaint and Civil Case Cover Sheet to be served upon GWT via substituted service. A true and correct copy of the Complaint is attached as **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**. A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit 3**.

3. On or about June 18, 202, Plaintiff filed a First Amended Complaint ("FAC"). A true and correct copy of the FAC is attached as **Exhibit 4**.

4. Exhibits 1 through 4 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

5. Plaintiff's FAC defines the putative classes as follows:

   a. "All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be complete and returned by the consumer, which did not contain statements, each displayed in a clear and conspicuous manner, inform

the consumer that i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights." Ex. 4, FAC, ¶ 36(a).

    b. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation. Ex. 4, FAC, ¶ 36(b).

    c. All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty. Ex. 4, FAC, ¶ 36(c).

6. Plaintiff alleges the following causes of action against GWT on behalf of himself and the proposed putative classes: (1) Violation of the Song-Beverly Consumer Warranty Act; (2) Violation of California's Consumer Legal Remedies Act; and (3) Violation of California's Unfair Competition Law.

## REMOVAL IS TIMELY

7. 28 U.S.C. section 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8. Plaintiff served GWT via substituted service on May 14, 2021. *See* Ex. 2, Summons. Under the California Code of Civil Procedure, substituted service is considered "complete" ten days after the date of substituted service. *See* Cal. Civ. Proc. § 415.95(a). Considered in conjunction with section 1446(b)(1), removal is timely 30 days after the tenth day on which service is completed under the California Code of Civil Procedure. *See Ewing v. Integrity Capital Solutions, Inc.*, 2017 U.S. Dist. LEXIS 27384 (S.D. Cal. Feb. 27, 2017).

9. GWT's removal is made within 30 days of May 24, 2021, and is therefore timely under 28 U.S.C. section 1446(b)(1).

## JURISDICTION

## THE COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

10. The Court has original jurisdiction over this action pursuant to CAFA. As such, this action may be removed to this Court by GWT pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

11. Under CAFA, the federal district court has jurisdiction if:

    a) There are at least 100 class members in all proposed plaintiff classes; and

    b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

    c) Any class member (named or not) is a citizen of a different state than any defendant. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

A. <u>The Diversity Of Citizenship Requirement Is Satisfied</u>

12. **Plaintiff Is a Citizen of California**. A person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff, who alleges that he is a putative class member,

brings this case on behalf of California residents, like himself. *See* Ex. 4, FAC, ¶¶ 9, 36(a)-(c). As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California for diversity purposes.

13. **GWT is a Citizen of Florida**. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93; *see also Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

14. The language in 28 U.S.C. 1446(a) tracks with the Federal Rule of Civil Procedure 8(a) liberal pleading requirement. Indeed, by borrowing the "short and plain statement" standard from Rule 8(a), Congress intended to "simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 US 81, 87 (2014) (brackets in original; internal quotes omitted) (*citing* legislative history of 28 U.S.C. § 1446(a)). Thus, in keeping with the Rule 8(a) pleading standard, it is enough that

the GWT alleges the removal grounds "plausibly," and a "short and plain" statement in the notice of removal need not contain evidentiary submissions. *Id.* at 84.

15. At the time of the filing of this action, GWT was, and still is, a corporation incorporated under the laws of the State of Florida, with its principal place of business at 3355 Enterprise Avenue, Ste. 160, Ft. Lauderdale, FL 33331. GWT is a citizen of Florida, and is diverse from Plaintiff. *See* Declaration of Steven G. Brown ("Brown Decl."), ¶ 2, Ex. A.

B. <u>There Are At Least 100 Class Members in the Proposed Class</u>

16. Plaintiff purports to bring this action on behalf of the following classes:

   a. "All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be complete and returned by the consumer, which did not contain statements, each displayed in a clear and conspicuous manner, inform the consumer that i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights." Ex. 4, FAC, ¶ 36(a).

   b. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation. Ex. 4,

FAC, ¶ 36(b).

    c. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty. Ex. 4, FAC, ¶ 36(c).

17. GWT denies Plaintiff's claims and makes no admission by way of this removal.

18. During the preceding 4 years GWT sold products containing warranty or product registration information to over 100 California customers. *See* Brown Decl., ¶ 4. Based on the putative classes, as defined in the Complaint, more than 100 individuals fall within the putative classes.

    C.    <u>The Requisite $5 Million Amount In Controversy Is Satisfied</u>[1]

19. In his Prayer for Relief, Plaintiff demands restitution to him and the putative classes under the Song-Beverley Warranty Act equal to an amount paid for the putative class products. *See* Prayer at 5. Plaintiff further demands restitution and disgorgement of all profits and unjust enrichment that GWT obtained through its allegedly unlawful, unfair, and fraudulent business practices. *Id.* at 13. Plaintiff does not demand a monetary sum.

20. If a plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in

---

[1] In alleging the amount in controversy for purposes of CAFA removal, GWT specifically denies that it is liable to Plaintiff or the putative classes for any of the claims alleged in the Complaint, deny that the allegations in the Complaint are accurate, and deny that Plaintiff and the putative classes are entitled to any of the monetary relief requested in the Complaint. GWT further denies that any or all of the putative class members are appropriately included in the putative class.

controversy." 28 U.S.C. §1446(c)(2). When a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Id.* at §1446(c)(2)(A). When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. *See, e.g.*, *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U. S. 274, 276 ("'[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" (*quoting* S*t. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U. S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); alteration in original)). Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *See Dart Cherokee Basin Operating Co., LLC*, *supra*, 574 US at 87. In sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.*at 88.

21.  During the preceding 4 years GWT has sold over $5,000,000 worth of products containing warranty or product registration information to California customers. *See* Brown Decl., ¶ 5.

22.  Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, $5,000,000.

23.  Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d). *See Standard Fire Ins. Co.,* 568 U.S. 588, 595 (2013) ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" (*quoting* §2(b)(2), 119 Stat. 5)); *see also* S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

## THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

24.  In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed

in the District in which the action is pending. The Orange County Superior Court is located within the Central District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon GWT are attached as Exhibits to this Notice.

26. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Orange. Notice of Compliance shall be filed promptly afterwards with this court.

27. As required by Federal Rule of Civil Procedure 7.1, GWT concurrently filed its Corporate Disclosure Statement.

## CONCLUSION

For the foregoing reasons, GWT hereby removes the above-entitled action to United States District Court for the Central District of California.

Dated: June 22, 2021

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ Daniel T. Rockey
Daniel T. Rockey

Attorneys for Defendant
GREENFIELD WORLD TRADE, INC.