# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 04/16/2021 12:38:51 PM.
30-2021-01196179-CU-BT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**BLACK OAK LAW FIRM**
Adib Assassi, Esq. (SBN 301036)
adib@blackoaklaw.com
1100 W. Town and Country Rd., Ste 1250
Orange, CA 92868
Telephone: (800) 500-0301
Facsimile: (800) 500-0301

[Additional Counsel On Signature Page]

Attorneys for Plaintiff,
Omid Naseri

Assigned for all Purposes
Judge Kirk Nakamura
CX-103

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE COUNTY– UNLIMITED CIVIL

| | |
|---|---|
| OMID NASERI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENFIELD WORLD TRADE INC. d/b/a THE LEGACY COMPANIES,<br><br>Defendant. | Case No.: 30-2021-01196179-CU-BT-CXC<br><br>**CLASS ACTION COMPLAINT**<br><br>I. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT;<br>II. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT;<br>III. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW<br><br>**JURY TRIAL DEMANDED** |

- 1 -
CLASS ACTION COMPLAINT

1. Plaintiff Omid Naseri ("Plaintiff"), on behalf of himself and others similarly situated, brings this class action suit against Greenfield World Trade, Inc. d/b/a The Legacy Companies ("Defendant") for violations of California's Song Beverly Consumer Warranty Act ("SBA"), *California Civil Code §§ 1790, et seq.*; California's Consumer Legal Remedies Act ("CLRA"), *California Civil Code §§ 1750, et seq.*; and California's Unfair Competition Law ("UCL"), *California Business and Professions Code §§ 17200, et seq.*

## SUMMARY

2. Defendant is a manufacturer of products and advertises that its products are sold with express warranties.

3. Defendant makes a warranty registration form available online.

4. The SBA explicitly requires a manufacturer who chooses to provide a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, to have the card or form include statements that:

    a. Inform the consumer that the card or form is for product registration; and,

    b. Inform the consumer that failure to complete and return the card or form does not diminish the individual's warranty rights.

5. Defendant intentionally omits any such statements that are expressly required by the SBA.

6. As a result of Defendant's unlawful and deceitful business practices, Defendant is able to chill warranty claims and benefit economically by duping consumers into thinking they do not have warranty rights unless they fill out the form and provide their personal information to Defendant. Or even worse, consumers actually do not have the warranties that were promised to them when they purchased their products as they must now register their warranties, a requirement that was not disclosed at the time of purchase. Consumers are thus

additionally deceived into purchasing products they would not have, had they known they did not actually come with warranties.

7. Either scenario results in Defendant benefitting at the consumer's expense.

8. Defendant's unlawful and deceptive practices alleged herein violate the SBA, the CLRA, and the UCL.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Orange County, State of California.

10. Plaintiff is a purchaser of Defendant's Omega BL390S 1HP Blender (the "Product").

11. Upon information and belief, Defendant is a Corporation that does continuous and substantial business throughout the state of California, including Orange County.

12. At all relevant times, Defendant was engaged in the business of marketing, supplying, and selling its products, including the Product purchased by Plaintiff, to the public through a system of marketers, retailers and distributors.

13. Upon information and belief, all acts of employees of Defendant as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

## JURISDICTION AND VENUE

14. Subject matter jurisdiction is proper in this Court for the California statutory causes of action.

15. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Orange County, State of California; and, Plaintiff was injured in the County of Orange County, where Plaintiff resides.

16. Venue is proper.

## FACTUAL ALLEGATIONS

17. On or about January 18, 2021, Plaintiff searched online looking to purchase a new blender.

18. Plaintiff saw many different blenders from different manufacturers advertised for sale.
19. While viewing the blenders, Plaintiff saw Defendant's Product, an Omega BL390S 1HP Blender advertised for sale.
20. Defendant's website prominently displayed that the Product was accompanied by Defendant's express 2-year warranty.
21. While viewing the Product on Defendant's website, there were no other visible terms, conditions, exclusions or limitations with respect to the warranty availability.
22. Relying on, and valuing, the affirmative warranty promise made on the Product's packaging, Plaintiff purchased the Product from Defendant's website for $107.20.
23. However, Plaintiff was surprised to later discover that the Product did not come with an express warranty as indicated on Your website.
24. Instead, Plaintiff found an online form on Your website requiring Plaintiff to "Register" Plaintiff's warranty.
25. In fact, the page is titled, "Product Warranty Registration."[1]
26. The registration online registration form required the following information:
    a. Name,
    b. Email,
    c. Phone Number
    d. Address (City, State, Zip Code),
    e. Model Number,
    f. Purchase Location,

---

[1] Omega, *Product Warranty Registration*, https://omegajuicers.com/pages/product-registration?gclid=CjwKCAjw07qDBhBxEiwA6pPbHjCtGw4y81l7ecI6xjvE2ga-0_ba01LS_tsfFkG1BkO4LUJiaxiUhRoCVxMQAvD_BwE (last visited April 16, 2021).

g. Purchase Date.[2]

27. The online registration form did not inform Plaintiff that it was for *product* registration and it did not inform Plaintiff that failure to complete and return the card did *not diminish Plaintiff's warranty rights* as required by *California Civil Code* § 1793.1.

28. Upon information and belief, Defendant uses the personal information it collects from such card for its own business and marketing purposes and for its own economic benefit.

29. Upon information and belief, Defendant intends for the card to have a chilling effect on warranty claims, preventing customers who have not registered, or who choose not to register their warranties from making warranty claims, thereby saving Defendant money in warranty repair and administration costs.

30. Defendant has no right to access personal customer information through warranty registration form for these purposes, by not making the legally mandated disclosures to customers.

31. Had the Product's exterior packing disclosed that the warranty was contingent on registration by Plaintiff providing her personal information, Plaintiff would not have purchased the Product, or alternatively would not have paid a premium for the Product.

32. Plaintiff has not received the Product that Plaintiff bargained for.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class"), pursuant to California Code of Civil Procedure Section 382 and/or California Code of Civil Procedure Section 1782.

34. Plaintiff represents and is a member of the Classes, consisting of:

   a. All persons who purchased one or more of Defendant's

---

[2] *Id.*

products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, which do not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that: i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

b. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, which is labeled as a warranty registration or a warranty confirmation.

c. All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty.

35. Products that meet the above Classes definition are referred to herein as "Class products."

36. Defendant and its employees or agents are excluded from the Classes.

37. Plaintiff does not presently know the number of members in the Classes but believes the Class members number in the several thousands, if not substantially more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Classes were harmed by the acts of Defendant in violating Plaintiff's and the putative Class members' rights.
39. Plaintiffs reserve the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.
40. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.
41. The Classes can be identified through Defendant's records, Defendant's agents' records, and of the retailer from which the products were purchased.
42. There is a well-defined community of interest in the questions of law and fact to the Classes that predominate over questions which may affect individual Class members, including the following:
    d. Whether the Class products were sold with warranty or product registration cards or forms, or electronic online warranty or product registration forms, which did not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that the card or form is for product registration, and informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.
    e. Whether the Class products were sold with warranty or product registration cards or forms, or electronic online warranty or product registration forms, which are labeled as warranty registration or warranty confirmation.
    f. Whether the Class products were sold with express warranties;
    g. Whether the Class products make warranty rights contingent on registration;
    h. Whether Defendant intends warranty registration to act as a barrier to

- 7 -
CLASS ACTION COMPLAINT

warranty claims;

i. Whether Defendant intends to use warranty registration as a means for obtaining Class members' personal information;

j. How Defendant uses Class members' personal information;

k. Whether Defendant violated the SBA by making Class products' warranties contingent on registration;

l. Whether Defendant violated the SBA by not disclosing to Class members that by not submitting warranty registration form, or online forms, their warranty rights would not be diminished;

m. Whether Defendant engaged in false or deceptive advertising practices in violation of the CLRA by not disclosing the warranty registration requirement of Class products to Class members prior to their purchases;

n. Whether Defendant is liable for damages, and the amount of such damages; and

o. Whether Class members are entitled to equitable relief including injunctive relief.

43. Plaintiff's claims are typical of the claims of the Classes since Plaintiff purchased a Class product, as did each member of the Classes.

44. Plaintiff and all Class members sustained injuries arising out of Defendant's wrongful conduct and deception.

45. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class members.

46. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

48. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving breach of warranties and unlawful business practices.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.

50. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, inter alia, Defendant's own records, product serial numbers, submitted warranty activation cards, warranty claims, registration records, and database of complaints.

51. Defendant has acted, and continues to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT

52. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

53. The Product and Class products are "consumer goods" as defined by *California*

*Civil Code* § 1791(a).

54. Plaintiff and Class members are "buyers" as defined by *California Civil Code* § 1791(b).

55. "Every manufacturer, distributor, or retailer making express warranties with respect to consumer goods shall fully set forth those warranties in simple and readily understood language[.]" *California Civil Code* § 1793.1(a)(1).

56. "If the manufacturer, distributor, or retailer provides a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, the card or form **shall** contain statements, each displayed in a clear and conspicuous manner, that do all of the following:

   a. Informs the consumer that the card or form is for product registration.
   b. Informs the consumer that failure to complete and return the card or form does not diminish his or her warranty rights." *California Civil Code* § 1793.1(a)(1)(A)-(B).

57. "No warranty or product registration card or form, or an electronic online warranty or product registration form, may be labeled as a warranty registration or a warranty confirmation." *California Civil Code* § 1793.1(b).

58. By providing an online registration form, with Plaintiff's Product and Class members' products' labeled as Product Warranty Registration, which do not inform Plaintiff and Class members that the card is for product registration and that warranty rights will not be diminished if the card is not completed, Defendant is in violation of its affirmative obligations under the SBA.

59. Defendant values its ability to include warranty registration cards in product packaging, and as a result of being permitted to include the cards without the statutorily prescribed language, Defendant received, and continues to receive, a benefit which Plaintiff and Class members did not realize they paid for.

60. Had Plaintiff and Class members been aware of these terms, they would not have

paid the price they did.

61. Plaintiff and Class members would have paid less for their products had they been aware of these terms. The premium paid is a benefit received by Defendant and should be returned to Plaintiff.

62. Plaintiff and Class members have been damaged by not receiving the warranty they were promised, or alternatively, even if warranties do exist, by rightfully believing they do not have warranty rights.

63. Defendant benefits, at Plaintiff's and Class members' expense, from this tactic as its costs for repairing products under warranty, as well as administering product warranties, are reduced.

64. Class members who did provide their personal information have been damaged by being forced to relinquish their personal information based on Defendant's statutorily mandated omissions.

65. Plaintiff and Class members are entitled to damages, including reimbursement of the purchase price of the Class products, under *California Civil Code* §1794(a) and §1794(b).

66. In addition to the other amounts recovered, Plaintiffs and Class members are entitled to a civil penalty of two-times the amount of actual damages, pursuant to *California Civil Code* §1794(c).

67. Plaintiff and class members are further entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and litigation related expenses, including but not limited to attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action under *California Civil Code* §1794(d).

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

68. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

69. Plaintiff and Class members are "consumers" within the meaning of *California Civil Code* §1761(d).
70. The sale of Plaintiff's and Class members' products are "transactions" within the meaning of *California Civil Code* §1761(e).
71. Plaintiff's and Class members' products are "goods" within the meaning of *California Civil Code* §1761(a).
72. The CLRA prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." *California Civil Code* §1770(a)(5).
73. The CLRA prohibits "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." *California Civil Code* §1770(a)(7).
74. The CLRA prohibits "advertising goods or services with intent not to sell them as advertised." *California Civil Code* §1770(a)(9).
75. The CLRA prohibits "representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." *California Civil Code* §1770(a)(14).
76. The CLRA prohibits "representing that the consumer will receive a rebate, discount or other economic benefit, if earning the benefit is contingent on an event to occur after the transaction." *California Civil Code* §1770(a)(17).
77. Defendant promised, advertised and represented at time of sale that Plaintiff and Class members would receive a warranty with no strings attached.
78. However, Defendant failed to disclose on Plaintiff's Product's and Class members' products' exterior packaging information which was concealed inside packaging; namely that the warranty must be registered, in violation of SBA's requirements.
79. Defendant's concealment of material warranty terms was done deliberately and intentionally with the purpose of deceiving Plaintiff and Class members and

inducing them into purchasing the Class products, or alternately providing their personal information.

80. Defendant knows, or should have known, that were it to display on the exterior of product packaging the material warranty terms it hides inside the product packing (even if such terms are not valid), Plaintiff and Class members would not purchase the Class products or would not pay a premium for them.

81. Thus, Defendant's conduct violates *California Civil Code* § 1770(a)(5), 1770(a)(7), 1770(a)(9), 1770(a)(14), and 1770(a)(17).

82. Plaintiff and Class members relied on Defendant's representations.

83. As a result of Defendant's false representations and deceitful conduct regarding its warranties, Plaintiff and Class members were injured because they: (a) would not have purchased the Class products if the true facts were known concerning the Defendant's false and misleading warranty claims at time of purchase, or Plaintiff and Class members would have paid substantially less; (b) paid a premium price for the Class Products as a result of Defendant's false warranties and misrepresentations; (c) purchased products that did not have the sponsorship, characteristics, and qualities promised by Defendant; and (d) had to take additional steps and actions in order to receive the benefit they should have already entitled to.

84. Under *California Civil Code* § 1780(a) and (b), Plaintiffs, individually and on behalf of the Class, seek an injunction requiring Defendant to cease and desist the illegal conduct alleged in this Complaint. Specifically, Plaintiff and Class members are entitled to a permanent injunction that compels Defendant to immediately: (1) cease and desist from the continued sale of the products that contain the same or similar misrepresentations as the Class products; (2) initiate a corrective advertising campaign to notify Class members who are victims of the above-described illegal conduct about the true nature the Class products and associated warranty; and (3) initiate a full recall of the Class products with an

offer to refund the purchase price, plus reimbursement of interest.

85. Pursuant to § 1782(a) of the CLRA, on or about April 16, 2021, Plaintiff's counsel notified Defendant in writing via certified mail return receipt requested of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.

86. If Defendant fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, Plaintiff reserves the right to amend the Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

87. Attached hereto as **Exhibit A** is a sworn declaration from Plaintiff pursuant to *California Civil Code* § 1780(d).

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

88. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

89. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. *California Business and Professions Code* § 17200.

90. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

### *"Unfair" Prong*

91. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the

reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

92. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in a misleading and deceptive practice of intentionally omitting statutorily mandated warranty disclosures to consumers.

93. This is done to trick consumers into believing they don't have warranty rights in an effort to discourage warranty claim submissions, thus saving Defendant money and increasing its profit margin. Or worse, to actually eliminate the warranty promised at time of purchase.

94. Defendant tricks consumers into providing their personal information in order to obtain a warranty when the consumers are not required to share their personal information to obtain the benefit of an express warranty.

95. Defendant's acts and practices offend an established public policy of transparency in warranty rights, and engage in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

96. The harm to Plaintiff and Class members grossly outweighs the utility of Defendant's practices as there is no utility to Defendant's practices.

### *"Fraudulent" Prong*

97. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

98. Defendant's acts and practices alleged above constitute fraudulent business acts or practices as they deceived Plaintiff and are highly likely to deceive members of the consuming public.

99. By not providing the required statutory language, Plaintiff and Class members can only draw one conclusion: registration is required in order to receive and access their warranty, contrary to the representations made at time of sale that the Product was accompanied with an express warranty.

*"Unlawful" Prong*

100. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

101. Defendant's acts and practices alleged above constitute unlawful business acts or practices as they have violated the plain language of the SBA as described in Plaintiff's First Cause of Action above.

102. As detailed in Plaintiff's Second Cause of Action above, Defendant's acts and practices surrounding the sale also violate several provisions of the CLRA.

103. The violation of any law constitutes an "unlawful" business practice under the UCL.

104. These acts and practices alleged were intended to or did result in violations of the SBA and the CLRA.

105. Defendant's practices, as set forth above, have misled Plaintiff, the Class members, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

106. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

**PRAYER FOR RELIEF**

Plaintiff prays that judgment be entered against Defendant as follows:

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Classes;
3. That Plaintiff's attorneys be appointed Class Counsel;
4. For an order declaring Defendant's conduct to be unlawful;
5. For an order compelling Defendant to make restitution to Plaintiff and

Class members under the SBA in an amount equal to the total amounts paid and payable for the Class products;

6. For actual damages;
7. For a civil penalty of two-times actual damages;
8. For punitive damages;
9. For pre and post-judgment interest at the legal rate;
10. For injunctive and other equitable relief as necessary to protect the interests of Plaintiff and other Class members, as well as public injunctive relief, and an order prohibiting Defendant from engaging in the unlawful, unfair, deceptive and fraudulent acts described above;
11. For an order that Defendant engage in a corrective advertising campaign;
12. For an order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices;
13. For attorney's fees, costs of suit, and out of pocket expenses; and
14. For such other and further relief that the Court deems proper.

## TRIAL BY JURY

107. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated: April 16, 2021

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _____
ABBAS KAZEROUNIAN, ESQ.
AK@KAZLG.COM

Jason A. Ibey, Esq. (SBN: 284607)
Kazerouni Law Group, APC
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone (800) 400-6808
Facsimile (800) 520-5523
Email: jason@kazlg.com

*ATTORNEYS FOR PLAINTIFF*