**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kalzg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**BLACK OAK LAW FIRM**
Abid Assassi, Esq. (SBN 301036)
adib@blackoaklaw.com
1100 W. Town and Country Rd., Ste. 1250
Orange, CA 92868
Telephone: (800) 500-0301
Facsimile: (800) 500-0301

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
Omid Naseri

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMID NASERI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENFIELD WORLD TRADE INC. d/b/a THE LEGACY COMPANIES,<br><br>Defendant. | Case No.: 8:21-cv-01084-CJC-KES<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND EQUITABLE CLAIMS TO STATE COURT**<br><br>**Date:** August 16, 2021<br>**Time:** 1:30 P.M.<br>**Courtroom:** 9B<br><br>**HON. CORMAC J. CARNEY** |

1
**MEMORANDUM IN SUPPORT OF MOTION TO REMAND EQUITABLE CLAIMS**

Plaintiff Omid Naseri ("Plaintiff") moves to remand Plaintiffs' equitable claims to the Superior Court of California, County of Orange County for lack of subject matter jurisdiction because Defendant Greenfield World Trade Inc. D/B/A The Legacy Companies ("Defendant") has not shown this Court has subject matter jurisdiction over Plaintiff's equitable claims in this putative class action in light of the controlling decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). Additionally, Defendant, as the removing party, bears the burden of showing that Plaintiff and the putative class members would have Article III standing to pursue claims in federal court in light of the recent decision from the United States Supreme Court in *TransUnion LLC v. Ramirez*, No. 20-297, 2021 U.S. LEXIS 3401, at *25 (June 25, 2021).

## I. INTRODUCTION

Plaintiff filed a putative Class Action complaint in Superior Court of California, County of Orange County on or around April 16, 2021 asserting three causes of action under the California's Song Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1790, *et seq.*; California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; and California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.* for damages under the SBA and restitution and injunctive relief. On or around June 18, 2021, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of California, County of Orange County, including to seek damages under the CLRA. Subsequently, on or around June 22, 2021, Defendant removed this action to this Court under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 contending that this is an action between citizens of different states and the matter in controversy exceeds $5,0000,000 exclusive of fees and costs. *See* Dkt. No. 1.

Federal district courts in the Ninth Circuit may not exercise jurisdiction over equitable claims arising from California state law unless the plaintiff's legal remedy

is inadequate. That said, this Court must address whether there is subject matter jurisdiction over the equitable claims under the UCL (the UCL provides for injunctive relief only) and CLRA (the CLRA provides for legal and equitable claims). Here, Defendant has failed to demonstrate or even allege that Plaintiff's legal remedy sought is inadequate. This means that the Court lacks subject matter jurisdiction over Plaintiff's claims for equitable relief under the UCL and CLRA, and those two causes of action should therefore be remanded to State Court. Defendant has not met its burden with respect to demonstrating subject matter jurisdiction over the UCL and CLRA claims in removing this action from state court consistent with the controlling effect of *Sonner v. Premier Nutrition Corp.* Furthermore, without a showing of Article III standing by Defendant in terms of the equitable claims of Plaintiff and the putative class members under *TransUnion LLC v. Ramirez*, the equitable claims should be remanded to state court.

Should the Court not remand the equitable claims, any dismissal of Plaintiff's equitable claims here would have to be without prejudice only, such that they could be reasserted by Plaintiff on behalf of himself and putative class members in California state court in an action for equitable relief only. The Court may not simply dismiss with prejudice the Plaintiff's equitable claims under the UCL and CLRA, as that would violate Plaintiff's right to due process.

In light of these considerations, the Court should remand Plaintiff's equitable claims under the UCL and CLRA to the Superior Court of California, County of Orange County.

## II. LEGAL STANDARDS FOR REMAND AND REMOVAL

"The party seeking removal bears the burden of establishing that all removal requirements are met by a preponderance of the evidence." *Voga v. U.S. Bank*, 2011 U.S. Dist. LEXIS 126060, at *6 (D. Nev. Oct. 27, 2011) (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988)). Courts will construe removal statutes strictly in order to limit federal jurisdiction. *See Or. Bureau of*

*Labor & Indus. v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*).

Once removed, a case may be remanded if removal procedures are defective, or the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Polo v. Innoventions Int'l, Ltd. Liab. Co.*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means . . . the federal courts have no power to adjudicate the matter."). A case *shall* be remanded if the district court lacks subject matter jurisdiction at any time prior to final judgment. *Id.*; *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003) (". . . if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed."). In the class action context, the CAFA does not supersede the federal jurisdictional limitations. *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 768, 775-76 (S.D. Ill. 2006). Therefore, "when federal jurisdiction is absent from the commencement of a case, a putative class action is not 'properly removed'—and therefore, need not 'stay[] removed.'" *See Polo*, 833 F.3d at 1196-97.

It is the removing party's burden to show this Court has subject matter jurisdiction over all of Plaintiffs claims, not just some of them. As explained in *Britton v. Cty. of Santa Cruz*, the removing party "must establish the Court's subject matter jurisdiction over each claim because the Court must sever 'any claims for which the district court lacks jurisdiction'" and those claims "'must subsequently be remanded.'" *Britton v. Cty. of Santa Cruz*, No. 19-CV-04263- LHK, 2020 U.S. Dist. LEXIS 129651, at *12 (N.D. Cal. July 22, 2020) citing *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 287 (9th Cir. 2018) (Christen, J., concurring) (quoting 28 U.S.C. § 1441(c)(1)(B), (c)(2).). Furthermore, "[a] case that is properly removed in

its entirety may … be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001).

## III.   ARGUMENT

### A. Plaintiff's Equitable Claims Under the UCL and CLRA Should Be Remanded In Light of the Controlling Decision in *Sonner*

"Subject matter jurisdiction defines a court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 566 U.S. 635 (2009). It also "concerns a court's competence to adjudicate" particular types of cases. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316-17 (2006). As the Ninth Circuit Court of Appeals has recently indicated, federal courts may not exercise their jurisdiction over state equitable claims for restitution if an adequate legal remedy exists. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). As such, whether there is jurisdiction over Plaintiff's UCL and CLRA claims depends on the existence of an adequate legal remedy. If the legal remedy is adequate, then the Court lacks jurisdiction and must remand the case back to state court. *See Albingia Versicherungs A.G.*, 344 F.3d at 938

Here, Defendant does not demonstrate, nor does Defendant even contend, that Plaintiff's legal remedies are inadequate or that the FAC alleges that the legal claims (such as under the SBA) are inadequate. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's equitable claims under the UCL for injunctive relief (including public injunctive relief), and for restitution and injunctive relief under the CLRA. Consequently, the Defendant has failed to show this Court has subject matter jurisdiction over Plaintiff's equitable claims under *Sonner* following removal of this action from state court.

The decision in *Britton v. Cty. of Santa Cruz* supports Plaintiff's position that Defendant has failed to establish subject matter jurisdiction over the equitable claims

under the UCL and CLRA. There, the plaintiffs asserted claims, including for declaratory relief. After the defendant never even argued subject matter jurisdiction over the equitable claims specifically, the court found that the defendant failed to establish federal court subject matter jurisdiction over that declaratory relief claim, thus requiring remand of that claim. *Britton*, 2020 U.S. Dist. LEXIS 129651, at *12. *See also California v. N. Tr. Corp.*, No. CV 12-01813 DMG (FMOx), 2013 U.S. Dist. LEXIS 53155, at *19 (C.D. Cal. Apr. 10, 2013) (granting partial remand of UCL claims to state court); *Machlan v. P&G*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015) ("Allowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity."). *See also Benton v. Clarity Services, Inc.*, No. 16-CV- 06583-MMC, 2017 WL 345583, at *2 (N.D. Cal. Jan. 24, 2017) (severing the claims for which plaintiff lacks standing and remanding to those claims to state court).

Since Defendant has failed to show this Court has subject matter jurisdiction over the Plaintiffs' equitable claims under the CLRA and UCL following the decision in *Sonner*, the Court must remand these claims to the Superior Court of California, County of Orange County for adjudication as to the equitable relief sought.

### B. Plaintiff's Equitable Claims Should Be Remanded In Light of the Controlling Decision in *TransUnion LLC*

The Supreme Court in *TransUnion LLC* states, "Every class member must have Article III standing in order to recover individual damages." *Id.* at *25, citing *Tyson Foods, Inc.* v. *Bouaphakeo*, 577 U. S. 442, 466, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) (Roberts, C. J., concurring).  It is the party invoking federal court jurisdiction that bears the burden of showing Article III standing, which is Defendant here based on removal from state court. *See TransUnion LLC,* 2021 U.S. LEXIS 3401, at *25 ("As the party invoking federal jurisdiction, the plaintiffs bear the

burden of demonstrating that they have standing."). Thus, without a showing by Defendant here that the Plaintiff and also the putative class members have Article III standing required by *TransUnion LLC,* 2021 U.S. LEXIS 3401, at *25, the equitable claims should further be remanded to state court on such grounds.

### C. Simply Dismissing With Prejudice Plaintiff's Equitable Claims after Removal Would Violate Plaintiff's Right to Due Process

Should the Court find it lacks subject matter jurisdiction over Plaintiff's equitable claims under the CLRA and UCL, those equitable claims should be remanded to state court as argued above. If those claims are not remanded but are otherwise dismissed by the Court for lack of subject matter jurisdiction, they should be dismissed expressly *without* prejudice so that Plaintiff may reassert them in California state court in an action for equitable relief only. A dismissal of the equitable claims with prejudice would violate Plaintiff's right to Substantive Due Process. Plaintiff's claims cannot simply evaporate when a defendant chooses to remove the claims to federal court. A lack of federal court subject matter jurisdiction (*Sonner* concerned subject matter jurisdiction) does not mean Plaintiff's equitable claims are without merit. Plaintiff must be able to litigate those claims in some forum.

Individuals whose property interests may be affected by governmental conduct are entitled to be heard, and in order to enjoy that right, they must first be notified. 16C C.J.S. *Constitutional Law* § 1822, Westlaw (database updated Mar. 2021). Property interests afforded protection under the due process clause are those with "a legitimate claim of entitlement." *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). These property interests are not created by the Constitution. *Id.* However, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." *Id.* State causes of action, such as those arising from

the UCL, SBA, and CLRA, are "species of property" interest for which the due process clause affords protection. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).[1]

The FAC alleges that Defendant misled Plaintiff and those similarly situated into believing that their products came with a warranty with no strings attached, when in fact additional steps were required to activate the warranty (such as providing personal information), and the warranty registration materials failed to contain disclosure language required by the SBA (*see* FAC, ¶¶ 6, 22-29, 61). As a result, Plaintiff and class members were harmed by Defendant's conduct. (*See, e.g.*, *id.* at ¶¶ 6, 30-34, 49). Plaintiff, on behalf of himself and those similarly situated, seek to enforce rights afforded to them under the UCL, SBA, and CLRA against Defendant, who was unjustly enriched given its deceptive business practices. (*Id.* at ¶ 30). Plaintiff also seeks to prevent Defendant from engaging in these practices with an injunction, which is an equitable form of relief that is afforded under the CLRA and UCL. (*Id.* at ¶¶ 54, 89, 110, Prayer for Relief). Plaintiff and putative class members have "a legitimate claim of entitlement" given the actual harm they suffered. This entitlement also stems from the benefit Defendant received given the harm it caused to Plaintiff and class members. Thus, Plaintiff has a protected property interest under the due process clause.

Plaintiff's entitlement is also created and defined by existing rules or understandings stemming from California state law. This is because Plaintiff's causes of action under the UCL, SBA, and CLRA, are California state statutes. As such, those causes of action afforded under these statutes can be characterized as

---

[1] Much of the above authority pertains to the Supreme Court's analysis of Fourteenth Amendment due process claims. However, "the Due Process Clause of the Fourteenth Amendment has the same meaning" as the Fifth Amendment's Due Process Clause. *Malinski v. New York*, 324 U.S. 401, 415 (1945) (Frankfurter, J.). "To suppose that 'due process of law' meant one thing in the Fifth Amendment and another in the Fourteenth is too frivolous to require elaborate rejection." *Id.*

"species of property" interest for which due process affords protection. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause."); *Nelson v. Thurston Cty.*, No. 3:18-cv-05184-RBL, 2020 U.S. Dist. LEXIS 95790, at *6 (W.D. Wash. June 1, 2020) (same).

### III. CONCLUSION

In sum, the Court should remand Plaintiff's equitable claims to the Superior Court of California, County of Orange for adjudication because Defendant has not demonstrated subject matter jurisdiction over such equitable claims under *Sonner and TransUnion LLC*. Should the Court dismiss the equitable claims rather than remand them to state court, those claims should be dismissed expressly without prejudice to Plaintiff to reasserting these claims in state court in a separate action for equitable relief only, including to avoid violating Plaintiff's rights to Due Process.

Dated: July 7, 2021                                         Respectfully Submitted,

                                                                             **KAZEROUNI LAW GROUP, APC**

                                                                             By: */s/ Jason A. Ibey, Esq.*
                                                                                 Jason A. Ibey, Esq.
                                                                                 *Attorneys for Plaintiff*

**ADDITIONAL COUNSEL FOR PLAINTIFFS**
**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523