UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OMID NASERI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENFIELD WORLD TRADE, INC. d/b/a THE LEGACY COMPANIES,<br><br>Defendant. | Case No.: SACV 21-01084-CJC (KESx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 15] AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 8] WITH LEAVE TO AMEND |

I.   INTRODUCTION

In this case, Plaintiff Omid Naseri alleges that Defendant Greenfield World Trade, Inc. violated the Song-Beverly Consumer Warranty Act ("Song-Beverly"), the Consumer Legal Remedies Act ("CLRA"), and California's Unfair Competition Law ("UCL") by deceiving customers into thinking they had to register a purchased product in order for the product to be covered by a warranty.  (Dkt. 1-4 [First Amended Complaint,

hereinafter "FAC"].) Before the Court are Plaintiff's motion to remand (Dkt. 15 [hereinafter "MTR"] and Defendant's motion to dismiss (Dkt. 8). For the following reasons, Plaintiff's motion to remand is **DENIED** and Defendant's motion to dismiss is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff bought a blender Defendant manufactures. (FAC ¶¶ 17, 22.) One of the reasons Plaintiff bought Defendant's blender is because it had an "express 2-year warranty." (*Id.* ¶ 20.) When Plaintiff read the user manual, however, he got the impression that the express warranty only applied if Plaintiff registered the product. (*Id.* ¶¶ 23–25.) To register, a person is required to enter his name, email, phone number, address, model number, purchase location, and purchase date. (*Id.* ¶ 27.) In fact, registration was not required for the warranty to be valid. (*See id.* ¶¶ 28–29.) Neither the online registration form nor the user manual made this clear. (*Id.*) Plaintiff alleges that Defendant uses the personal information it collects from registration "for its own business and marketing purposes and for its own economic benefit," and intends for the registration process to "have a chilling effect on warranty claims, preventing customers who have not registered, or who choose not to register their warranties from making warranty claims, thereby saving Defendant money in warranty repair and administration costs." (*Id.* ¶¶ 30–31.)

//
//
//

---

[1] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 16, 2021, at 1:30 p.m., is hereby vacated and off calendar.

## III. MOTION TO REMAND

Defendant removed this case to federal court, asserting that the Court has CAFA jurisdiction. Plaintiff moves to remand, but does not argue that this Court lacks CAFA jurisdiction. Rather, Plaintiff argues that this Court lacks jurisdiction over Plaintiff's claims for equitable relief under the UCL and CLRA because "Defendant has failed to demonstrate or even allege that Plaintiff's legal remedy sought is inadequate." (MTR at 3.)

Plaintiff relies on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). But *Sonner* did not hold that failure to allege an inadequate legal remedy deprives a court of subject matter jurisdiction. Rather, *Sonner* held that failure to allege an inadequate legal remedy precludes a plaintiff from recovering at all. 971 F.3d at 841 ("[W]e hold that a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA."); *id.* at 844 ("Under these principles, Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."). *Sonner*'s conclusion—that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA because Sonner failed to establish that she lacked an adequate remedy at law—shows that federal courts may exercise jurisdiction over equitable claims under the UCL and CLRA. *See id.* Plaintiff's motion to remand these claims for lack of subject matter jurisdiction under *Sonner* is therefore **DENIED**.

## IV. MOTION TO DISMISS

Defendant argues that Plaintiff lacks standing to sue under the Song-Beverly Act, the CLRA, and the UCL because Plaintiff does not sufficiently allege he was injured by Defendant's alleged statutory violations. The Court agrees.

   Under all three statutes, only someone who has been damaged by the failure to comply with the statute may bring suit. Under the Song-Beverly Act, only a buyer of consumer goods "*who is damaged* by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a) (emphasis added). Under the CLRA, "[a]ny consumer *who suffers any damage* as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person." Cal. Civ. Code § 1780 (emphasis added). And under the UCL, a plaintiff has standing to bring an action only if he has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To meet this standing requirement, Plaintiffs must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that the economic injury was the result of, *i.e.*, caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 521 (2013), *disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016).

   Plaintiff does not sufficiently allege he has been damaged under any of these statutes. Plaintiff alleges that he has been damaged because he would not have bought the blender, or would have paid less for it, "[h]ad the Product's exterior packing disclosed that the warranty was contingent on registration by Plaintiff providing [ ] personal information." (FAC ¶ 33.) But according to Plaintiff, the warranty was *not* contingent on registration—he just briefly thought it was. (*See id.* ¶¶ 28–29.) Plaintiff also alleges that "[c]lass members who did provide their personal information have been damaged by being forced to relinquish their personal information based on Defendant's statutorily mandated omissions." (FAC ¶ 67.) But even if this were a cognizable injury, Plaintiff

does not allege that he himself registered his product and provided personal information to Defendant.

"Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). The Court has doubts that Plaintiff could cure the defects the Court identified by alleging additional facts. It appears that the warranty on Plaintiff's blender was not contingent on registration, so the Court does not understand how Plaintiff could have been damaged. Moreover, it appears that Plaintiff did not register his product, so the Court does not understand how he could have been damaged by providing personal information either. Nevertheless, the Court will give Plaintiff another opportunity to state a viable claim. But in any amended pleading, Plaintiff needs to make his theory of how he was damaged very clear.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED** and Defendant's motion to dismiss Plaintiff's First Amended Complaint is **GRANTED.** Plaintiff's claims are **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND.**

DATED:     August 10, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE